Appalachia Intermediate Unit-08, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and Appalachia Intermediate Unit-08 Education Association, Appellees.

Argued May 9, 1979, before President Judge Bow-
MAN and Judges CRUMLISH, JR., MENCER, BLATT, DI-
SALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR.
and ROGERS did not participate.

*Michael I. Levin,* with him *Vasil Fisanick,* and
*Fisanick & Solomon,* for appellant.

*William K. Eckel,* for appellee, Appalachia Inter-
mediate Unit-08 Education Association.

*Raymond W. Cromer,* with him *James L. Crawford*
and *Larry J. Rappoport,* for appellee, Pennsylvania
Labor Relations Board.

*Paul L. Stevens* and *Charles N. Sweet,* for amicus
curiae, Abington Heights School District.

OPINION BY JUDGE BLATT, August 29, 1979:
This is an appeal from an order of the Court of
Common Pleas of Cambria County which upheld a
decision of the Pennsylvania Labor Relations Board

(Board) that the Appalachia Intermediate Unit-08 (I.U.) committed an unfair labor practice.

The initial dispute arose when employees of the I.U. who are members of the Appalachia Intermediate Unit-08 Education Association (union) went on strike in October 1975 because a new collective bargaining agreement had not yet been entered into between them and the I.U. The strike lasted thirteen days and ended when a new agreement was reached. Because the I.U. did not schedule make-up days for the instructional days lost due to the strike, and did not pay the teachers for the days missed, the union initiated a grievance seeking to be paid for the days lost or, alternatively, to have the I.U. amend the calendar to make up the lost strike days. At each step of the four-step grievance procedure, the I.U. maintained that the complaint was not grievable, and, when it refused the union's request for arbitration, the union filed a complaint with the Board alleging that the I.U. had committed an unfair labor practice in violation of Section 1201(a)(5) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. 1101.1201(a)(5). The Board sustained the charge and the I.U. then appealed to the common pleas court which affirmed the Board's decision. This appeal followed.

The I.U.'s position both below and on this appeal is simply that the Board lacks jurisdiction to compel a public employer to submit a dispute to arbitration, or in the alternative that, even if the Board does have jurisdiction to compel arbitration, it cannot do so if the relief requested may be in violation of the law. However, the I.U. concedes that, if we were to uphold its position, we would have to reverse our prior decision in *North Star School District v. Pennsylvania Labor Relations Board*, 35 Pa. Commonwealth Ct. 429, 386 A.2d 1059 (1978). This we are not persuaded

that we should do.  We must therefore affirm the order of the lower court.

### ORDER

AND Now, this 29th day of August, 1979, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is hereby affirmed.