476 A.2d 360

**PENNSYLVANIA STATE EDUCATION ASSOCIATION WITH PENNSYLVANIA SCHOOL SERVICE PERSONNEL/PSEA, Appellants,**

v.

**APPALACHIA INTERMEDIATE UNIT 08, Appellee.**

Supreme Court of Pennsylvania.

Argued March 7, 1984.

Decided May 25, 1984.

2

William K. Eckel, Johnstown, for appellants.

Vasil Fisanick, Barnesboro, Michael I. Levin, Blue Bell, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

Appellants are the Pennsylvania State Education Association and Pennsylvania School Service Personnel/PSEA (hereafter "Unions") which, pursuant to the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, No. 195, 43 P.S. § 1101.101 et seq., are the collective bargaining agents,

4

respectively, for professional and non-professional employees of Appellee, Appalachia Intermediate Unit 08, which operates in Cambria County and provides special education for students from thirty-five school districts in four counties. The Unions were on strike between November 7 and December 1, 1975. Employees lost between eleven and fourteen days of work. At the conclusion of the strike, the parties entered into two-year collective bargaining agreements retroactive to July 1, 1975.

The agreements provided for 185 days of work per school year for professional employees, and 180 days for non-professional employees. The employees did not work the contracted number of days during the 1975–76 school year because the days missed during the strike were not rescheduled. The Unions claimed that Appellee was required to provide the contracted number of work days by rescheduling the days missed or, failing that, to pay the employees for the days missed. They filed grievances asserting such claim. Appellee refused to arbitrate. The Unions filed a complaint with the Pennsylvania Labor Relations Board, which found the refusal to arbitrate to constitute an unfair labor practice and ordered Appellee to proceed to arbitration. The order was appealed to Commonwealth Court and affirmed. *Appalachia Intermediate Unit 08 v. Commonwealth,* 45 Pa.Cmwlth. 274, 406 A.2d 823 (1979). Subsequent to the Commonwealth Court's order and following an arbitration proceeding, the arbitrator ruled in favor of the Unions and ordered Appellee to pay the employees for days missed with interest at a rate of six (6%) percent, running from July 1, 1976 [1] and compounded annually from that date. The Court of Common Pleas of Cambria County upheld the arbitration award insofar as it ordered payment for days missed, but disallowed the payment of interest. Commonwealth Court affirmed the order of the Court of Common Pleas, 75 Pa.Cmwlth. 40, 460 A.2d 1234 (1983). We granted the Unions' petition for allowance of appeal.

1. That date marked the end of the 1975–76 school year, for which the contracted salary was to be paid.

 The issue before us is whether the arbitrator properly awarded interest. The arbitration was conducted pursuant to the Public Employee Relations Act, Art. IX, § 903, 43 P.S. § 1101.903, which provides that

Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree.

We set forth the standard of review for appeals of arbitrators' decisions under the Act in *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977). We held there that an arbitration award must be upheld if it can in any rational way be derived from the collective bargaining agreement in light of language, context and other indicia of the parties' intention. In so holding, we cited the Arbitration Act of April 5, 1927, P.L. 381, No. 248, § 11, 5 P.S. § 171, which provided that a court could modify or correct a statutory arbitration award

... Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict.

Subsequent to the decision of the arbitrator in the instant case, the Arbitration Act of 1927 was superseded by the Uniform Arbitration Act, Act of October 5, 1980, P.L. 693, No. 142, effective in sixty days, 42 Pa.C.S.A. § 7301 et seq. The new Act provides that

"A court in reviewing an arbitration award ... shall ... modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

42 Pa.C.S.A. § 7302(d)(2).

We conclude that this is a substantial reenactment of the corresponding provision of the Arbitration Act of 1927 and that the standard of review of an arbitration award under the Public Employee Relations Act is the same regardless of which arbitration act applies. In the instant case, the collective bargaining agreement stated that professional employees were to work on 185 days and non-professional employees on 180 days. We find that the agreement can rationally be interpreted so as to require Appellee to provide the specified number of work days notwithstanding the strike by rescheduling days missed during the strike. We uphold the arbitrator's finding to that effect.

■ Having found a violation of the collective bargaining agreement, the arbitrator acted properly in awarding damages. In *Scranton Federation of Teachers, Local 1147, AFT v. Scranton School District*, 498 Pa. 58, 444 A.2d 1144 (1982), twenty school days were missed due to a teachers' strike. Ten days were rescheduled after settlement. The school district later announced that teachers would be required to work a full day on the last day of school. This was contrary to past practice. We upheld the arbitrator's finding that the collective bargaining agreement did not permit that. We also upheld the arbitrator's award of damages calculated to compensate the teachers for the extra time they were required to work. We found that to be a proper remedy within the arbitrator's discretion. We will uphold the damage award in the instant case as well.

■ We therefore conclude that because the arbitrator's finding of a violation of the agreement and awarding of damages was within his power, it was also within his power to award interest. We adopt the reasoning of *Commonwealth v. Council 13, American Federation of State, County & Municipal Employees, AFL–CIO*, 43 Pa. Cmwlth. 177, 401 A.2d 1248 (1979). In that case, an arbitrator found that late payment of employees' salaries constituted a violation of a collective bargaining agreement and awarded interest. The court quoted *United Steelworkers*

*of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed. 1424 (1960), where it was stated that

> "When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear, in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency."

Commonwealth Court concluded that the arbitrator had broad power to fashion a remedy, and such power included the award of interest. It found the award of interest to be reasonable in light of the equities of the case. In the instant case, the arbitrator took note of the delay and the fact that the delay was largely attributable to Appellee's initial refusal to arbitrate. We find that the arbitrator's decision to award interest was reasonable in light of the equities and within his power.

■ There remains an issue as to whether interest, if awardable, should be simple or compound. That question is governed by *Powell v. Allegheny County Retirement Board*, 431 Pa. 396, 246 A.2d 110 (1968). That case involved a retired county employee who was wrongly denied pension benefits. We held that he was entitled to simple but not compound interest on the withheld benefits. We found that the law does not favor compound interest and will permit it only when it is explicitly provided for by contract or statute. There was no such explicit provision in the instant case. In view of the clear statement as enunciated in *Powell*, we find that the awarding of compound interest is contrary to the existing status of the law. If the award had been made by a jury, it would have resulted in judgment notwithstanding the verdict. It cannot rationally be derived from the collective bargaining agreement.

We find that the arbitrator was within his power in finding a violation of the collective bargaining agreement

8

and awarding damages with interest, but that interest must be modified from compound to simple.

The order of the Commonwealth Court is reversed, and the award of the arbitrator is reinstated as modified.