528 A.2d 690

Allegheny Valley School District, Appellant *v.* Allegheny Valley Education Association and Francis E. Moxie, Appellees.

Argued May 18, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*John M. Means, Markel, Schafer & Means, P.C.,* for appellant.

*Ronald N. Watzman, Litman, Litman, Harris, Brown & Watzman, P.C.,* for appellees.

OPINION BY JUDGE MACPHAIL, July 14, 1987:

Allegheny Valley School District (District) has appealed from an order of the Court of Common Pleas of Allegheny County which affirmed an arbitrator's decision that Francis Moxie (Grievant) was entitled to use accumulated sick leave during an extended absence for a work-related injury. We affirm.[1]

Grievant, who had thirty-two years of service with the District as a professional employee, suffered a work-related injury on May 8, 1984 while acting as a tennis coach for the District. As a result, Grievant was unable to work from the date of his injury until March 14, 1985. During his absence the District paid Grievant his full salary without loss of accumulated sick leave and

---

[1] We observe that the parties to this appeal have filed an agreed statement of record pursuant to Pa. R.A.P. 1924 which also constitutes the reproduced record in this matter. Thus, the factual and procedural history of this matter has been gleaned from the agreed statement.

Grievant endorsed over to the District the workmen's compensation benefits he received.[2]

During his tenure with the District prior to the date of injury, Grievant had accumulated 245½ days of sick leave. Grievant sought, and was denied by the District, the right to use this leave during his period of disability. The sole issue on appeal is whether the District could properly prevent Grievant from using his accumulated sick leave during his absence for a work-related injury and, instead, pay him full salary in relief of his disability.

The legal and economic ramifications of this issue are illustrated by two leading cases in this area of the law. In *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa. Superior Ct. 165, 173, 38 A.2d 337, 341 (1944), it was held that when an employer pays a disabled employee regularly stated amounts "not as wages or salary for work performed, but in relief of the employee's incapacity to labor," then the employer is entitled to a credit against workmen's compensation benefits paid to the employee. In *Temple v. Pennsylvania Department of Highways,* 445 Pa. 539, 285 A.2d 137 (1971), however, it was recognized that accrued sick leave is an incident or benefit of one's employment and, thus, constitutes an entitlement akin to wages for work performed. As such, when an employee expends accumulated sick leave and also receives workmen's compensation benefits, the employer is entitled to no credit against those benefits.

Applying these principles to the instant case, it becomes clear that if Grievant is entitled to utilize his

---

[2] The District also paid Grievant $4,480.00 as compensation for wages which he would have received from a second job as a security guard had he not be temporarily disabled. The District was granted a credit for $4,480.00 against the arbitrator's award. Grievant has not cross-appealed from this portion of the award.

accrued sick leave as concluded by the arbitrator, then, under *Temple*, the District is not entitled to a credit against the workmen's compensation benefits which he received. On the other hand, if the District is correct in arguing that it had the option of paying Grievant his full salary without use of sick leave, then under *Creighton*, the District *is* entitled to a credit for workmen's compensation benefits.

Before reviewing the legal issue presented, we observe that our scope of review of an arbitrator's decision is highly circumscribed. The award must be affirmed so long as it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981). An arbitrator's interpretation of the labor agreement must be upheld if it can be rationally derived from the agreement, viewed in light of its context, language and any other indicia of the parties' intent. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977).[3]

---

[3] The Supreme Court has also noted that the scope of review set forth in Section 11(d) of the Arbitration Act of 1927, Act of April 25, 1927, P.L. 381, 5 P.S. §171(d) is consistent with the essence test. *Community College of Beaver County*. Section 11(d) has since been superseded by Section 7302(d)(2), of the Uniform Arbitration Act, 42 Pa. C. S. §7302(d)(2), but our Supreme Court has recognized "that the standard of review of an arbitration award under the Public Employee Relations Act [Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101-1101.2301] is the same regardless of which arbitration act applies." *Pennsylvania State Education Ass'n v. Appalachia Intermediate Unit 08*, 505 Pa. 1, 6, 476 A.2d 360, 363 (1984). Section 7302(d)(2) of the Uniform Arbitration Act provides as follows:

[A] court in reviewing an arbitration award . . . shall . . . modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

As noted by the arbitrator, Section 7-A of the subject collective bargaining agreement provides that "Sick leave shall be granted as provided in the School Code." The pertinent statutory provision, Section 1154(a) of the Public School Code of 1949 (Code),[4] 24 P.S. §11-1154(a), provides as follows:

> In any school year whenever a professional or temporary professional employe is prevented by illness or accidental injury from following his or her occupation, the school district shall pay to said employe for each day of absence the full salary to which the employe may be entitled as if said employe were actually engaged in the performance of duty for a period of ten days. Any such unused leave shall be cumulative from year to year in the school district of current employment or it predecessors without limitation. *All or any part of such accumulated unused leave may be taken with full pay in any one or more school years.* No employe's salary shall be paid if the accidental injury is incurred while the employe is engaged in remunerative work unrelated to school duties.

(Emphasis added.) Since it is undisputed that Grievant was prevented from working by an accidental injury incurred in the course of his employment, it would appear that Grievant could properly use his accumulated sick leave during his work absence.

---

Thus, in reviewing the arbitrator's award under the essence test we must be satisfied that the award is not contrary to law. *See Scranton Federation of Teachers v. Scranton School District*, 498 Pa. 58, 444 A.2d 1144 (1982); *Pennsylvania Social Services Union v. Pennsylvania Board of Probation and Parole*, 96 Pa. Commonwealth Ct. 461, 508 A.2d 360 (1986).

[4] Act of March 10, 1949, P.L. 30, *as amended.*

The District cites no provision in the agreement which would prevent such use of sick leave during a period of work-related disability, but rather, points to the following provisions of the Code as granting it the option of paying full salary in lieu of sick leave:

> Whenever a teacher is prevented by sickness or some other unavoidable circumstance from following his or her occupation, the school district may, at the discretion of the directors, make such payments of compensation during the period of absence from duty as the exigencies of the case may seem to warrant.

Section 1153 of the Code, 24 P.S. §11-1153.

> Any board of school directors may adopt rules or regulations pertaining to the payment of salaries of employes when absent from duty, extending the period of leave with or without pay in excess of that herein provided, or authorizing leaves with pay for other purposes.

Section 1154(e) of the Code, 24 P.S. §11-1154(e). The District contends that it would be absurd and contrary to the public interest to construe these provisions as allowing an employee to receive both sick leave salary and workmen's compensation benefits.

Regarding Section 1153, it appears that while the District may make compensation payments during a period of absence "as the exigencies of the case may seem to warrant," nothing in the language of that provision authorizes a school district to thereby *prevent* a professional employee from using sick leave to which he has become entitled as an incident of his employment under Section 1154(a) of the Code. Thus, we agree with the arbitrator that the discretion granted to a school district, through its directors, to pay compensation under Section 1153 may not be used to compel an employee to accept such compensation when that employee wishes to use accrued sick leave.

The other provision relied upon by the District, Section 1154(e), relates to the adoption of rules and regulations by a school district authorizing the extension of sick leave. The District contends that it has adopted a policy with regard to work-related injuries of paying full salary and taking a credit for workmen's compensation benefits. The District contends that the payment of salary without expending sick leave effectively acts to extend such sick leave. However, as noted by the arbitrator and conceded by the District, the collective bargaining agreement contains no provision restricting an employee's use of sick leave during a work-related disability period.[5] Absent such a provision in the collective bargaining agreement or evidence of an existing rule or regulation, we do not believe that Section 1154(e) lends support to the District's position.

With respect to the District's argument that the Legislature did not intend to create a "windfall" for school district employees who suffer a work-related injury, we again note that sick leave is a benefit of employment which is *earned* by the employee by his service. *Temple*. As such, we do not think it is accurately characterized as a "windfall." Moreover, Section 1154(a) of the Code does specify that sick leave may not be applied where an employee incurs a work-related injury with *another* employer. Thus, the Legislature was clearly cognizant of the possibility that an employee might seek to use sick leave during a work-related disability period. Having specifically precluded an employee from us-

---

[5] The arbitrator also observed that "[s]ignificantly, in its Agreement with support personnel, the District there did negotiate a provision requiring employes to accept salary payments without use of sick leave and turn over Worker's Compensation checks to the District. Here, no such provision exists and the Superintendent admitted that there was no discussion of these matters in negotiations." Adjudication at 9, Reproduced Record at 23a.

ing sick leave during a period of disability which results from *other* employment, we think the Legislature intended to leave open the possibility that an employee who is injured while working for a school district may receive sick leave in addition to workmen's compensation. *See* Section 1924 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1924 (exceptions in a statute shall be construed to exclude all others).

In sum, we agree with the arbitrator's conclusion that the District violated Grievant's statutory and contractual rights to utilize his accumulated sick leave in the instant case. The arbitrator's decision draws its essence from the collective bargaining agreement and constitutes a reasonable interpretation of pertinent Code provisions.

Order affirmed.

## ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.