647 A.2d 611

**GREATER JOHNSTOWN SCHOOL DISTRICT, Appellant**

v.

**GREATER JOHNSTOWN EDUCATION ASSOCIATION.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1994.

Decided Aug. 23, 1994.

Matthew M. Hoffman, for appellant.

William K. Eckel, for appellee.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The Greater Johnstown School District appeals from the December 13, 1993 order of the Court of Common Pleas of Cambria County which denied the District's petition to vacate the July 8, 1993 labor arbitration award which upheld a grievance filed on behalf of Carl Kaseler, a tenured profession-

al employee certified to teach math. Kaseler was furloughed beginning the first semester of the 1992–93 school year due to declining student enrollment, and during that semester, was recalled to fill day-to-day vacancies; on February 1, 1993, Kaseler was recalled as a long-term substitute to teach math through the remainder of the school year.

## I

The District questions whether compliance with the arbitration award would require the District to violate Sections 1201 and 1202 of the School Code, 24 P.S. §§ 12–1201, 12–1202, and regulations promulgated by the State Board of Education which pertain to teacher certification; whether implementation of the award is prohibited by Section 703 of the Public Employe Relations Act (PERA), 43 P.S. § 1101.703; and whether the trial court was limited in its scope of review of the arbitrator's award to application of the "essence test" or whether the court could vacate an award which required a public employer to violate the law.

The subject of the grievance was the District's refusal to recall Kaseler to fill day-to-day vacancies on eight days during the first semester of the 1992–93 school year, or September 8–10, 17, 23–24, 29, and October 29, 1992. The vacancies did not involve teaching math and the District did not recall Kaseler for those vacancies because he was not certified in any of the subject matters to be taught. The District located other substitute teachers who were certified to teach the particular areas involved. The arbitrator determined that the parties agreed to Article V, F–7 of the collective bargaining agreement which gives preference to suspended members of the bargaining unit in filling day-to-day or long-term substitute positions; acknowledged that the parties agreed to abide by provisions of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702; and concluded that nothing in the School Code supersedes any specific provision of the collective bargaining agreement between the parties.

The arbitrator concluded that the grievant should have been given the opportunity to fill all day-to-day substitute jobs to teach subjects in which he was not certified and even where properly certified substitutes were available for the positions. In reaching this conclusion, the arbitrator relied as precedent upon a prior arbitrator's award entered against the District in November 1989 which sustained a grievance under the same provision at issue here.[1] The District argued before the arbitrator that the prior award was not binding as it did not discuss applicable provisions of the School Code or the effect of provisions in the agreement on the necessity for proper certification. The trial court denied the District's petition to vacate the award concluding that the court's only review was under the "essence test" and that the arbitrator's interpretation was consistent with the agreement between the parties and reasonable in that Article V, F–7 could be rationally interpreted to require the District to give priority to furloughed teachers for day-to-day positions regardless of their subject of certification.

This Court's scope of review is limited to determining whether the arbitrator's award derives its essence from the collective bargaining agreement between the parties. *Midland Borough School Dist. v. Midland Education Ass'n,* 532 Pa. 530, 616 A.2d 633 (1992); *American Federation of State, County & Municipal Employees, Dist. Council 88 v. City of Reading,* 130 Pa.Commonwealth Ct. 575, 568 A.2d 1352 (1990). This Court has consistently followed the well-established principle that it may not substitute its judgment for that of the arbitrator and that the award must be upheld if it can in any rational way be derived from the collective bargaining agreement considering the language, context and other evidence of the parties' intentions. *Pennsylvania State Education Ass'n v. Appalachia Intermediate Unit 08,* 505 Pa. 1, 476 A.2d 360 (1984). If the subject in dispute is encompassed

1. The prior award was entered by Arbitrator Yates who stated that the School District at one time filled substitute positions by giving first call to suspended members of the bargaining unit before calling any other teachers and irrespective of the area of certification; however, the arbitrator recognized that the District no longer followed that practice.

within the terms of the agreement, the validity of the arbitrator's award is not a proper matter for judicial review. However, a court shall modify or correct the award if it is contrary to law and is such that had it been a jury verdict, the court would have entered a different judgment notwithstanding the verdict. *Upper Merion Area School Dist. v. Upper Merion Area Education Ass'n,* 124 Pa.Commonwealth Ct. 81, 555 A.2d 292 (1989); 42 Pa.C.S. § 7302(d)(2).

In conformity with this Court's scope of review, the District contends that Section 703 of PERA requires that parties to a collective bargaining process shall not implement a provision in an agreement which would be in conflict with any statute, citing *Pennsylvania Labor Relations Board v. State College Area School Dist.,* 461 Pa. 494, 337 A.2d 262 (1975), where the Supreme Court indicated that Section 703 prevents agreement to and implementation of terms which would violate or be inconsistent with any statutory directive. The District argues that implementation of the arbitration award would require the District to violate provisions of the School Code and regulations of the State Board of Education regarding teacher certification and that State Board emergency certification procedures to qualify a non-certificated employee may be invoked only where a properly certified substitute is not available. Also, in Article XV of the agreement, the parties agreed that if any provision of the agreement or application thereof is held to be contrary to law, the provision shall not be deemed valid except as permitted by law.

The central arguments advanced by the Association, and joined in by amicus curiae Pennsylvania State Education Association, are that the arbitrator's award draws its essence from the agreement between the parties; the award does not violate the School Code nor any other rule of law or regulation; the parties contracted a specific provision concerning recall rights for tenured furloughed professional employees to temporary day-to-day vacancies; and that this Court must affirm the trial court's refusal to vacate the award.[2] The

2. The trial court decided that a court may review an arbitrator's award for error of law only if the cause of action arose before the effective

Association further argues that Kaseler has been recalled in the past to substitute in subjects for which he was not certified, the District is bound by the November 1989 arbitrator's award which interpreted the same provision at issue here, and that Section 1125.1(d)(2) of the School Code, 24 P.S. § 11–1125.1(d)(2), establishes the recall rights of furloughed tenured professional employees. As to the emergency certification procedures, the Association contends that the District's arguments are invalid because the provisions were not utilized and the District could have issued an emergency certificate to Kaseler for up to fifteen days for each school year so that he was certified to teach on the eight days regardless of the interpretation to the contrary contained in the Department of Education's Basic Education Circular 18–91.

## II

Section 1201 of the School Code requires that only those individuals holding one of several types of certificate issued by the State Board of Education may teach in public schools of this Commonwealth; Section 1202 mandates that state certificates shall set forth the branches which individual holders are entitled to teach and "[n]o teacher shall teach, in any public school, any branch which he has not been properly certificated to teach." 24 P.S. § 12–1202. Moreover, regulations promul-

date of the Uniform Arbitration Act, 42 Pa.C.S. §§ 7301–7320, the agreement was entered into before the effective date of the act, or the agreement provides for arbitration under the 1927 Uniform Arbitration Act. The court concluded that none of the circumstances exist here for reviewing errors of law, relying in part upon *Cigna Insurance Co. v. Squires*, 427 Pa.Superior Ct. 206, 628 A.2d 899 (1993), a case which dealt with a dispute under an insurance policy and the amount of underinsured motorist benefits recoverable by the plaintiff. The Superior Court held in *Cigna* that the court's standard of review was not under Section 7302(d)(2) of the Uniform Arbitration Act. The trial court erred in its analysis of the law because, among other things, Section 7302(d)(2) allows a court to modify or correct an arbitration award which is contrary to law in a dispute under the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301. *See County of Centre v. Musser*, 519 Pa. 380, 548 A.2d 1194 (1988); *Pennsylvania State Education Ass'n v. Appalachia Intermediate Unit 08*, 505 Pa. 1, 476 A.2d 360 (1984).

gated by the State Board of Education governing teacher certification specify that:

> [T]eachers may not perform professional duties in the schools of this Commonwealth in any area for which they have not been properly certificated.
>
> This chapter establishes the specific requirements for the certification of persons serving in the basic schools of this Commonwealth as professional employes, temporary professional employes, substitutes and commissioned school administrators of the Commonwealth.

22 Pa.Code § 49.11(b), (c).

The School Code unequivocally mandates that no teacher shall teach in any area for which he or she is not certificated and State Board regulations clearly establish that this requirement relates to substitutes as well. The State Board regulations provide for emergency certificates to non-certificated employees which may be issued by the Department of Education and school district superintendents but only for those circumstances where there is no certificated individual available to teach and the school district has made reasonable efforts to locate an appropriately certificated individual. 22 Pa.Code § 49.34. These provisions mandate that the District fill day-to-day vacancies by persons properly certificated in the subject area to be taught and that because Kaseler was not certificated in the subject areas to be taught on the eight days in September/October 1992, the District was prohibited by law from recalling Kaseler to substitute on those days unless properly certified.

 With respect to State Board of Education regulations concerning teacher certification, this Court must accord deference to the interpretation of those regulations by the agency delegated authority to implement them, and unless plainly erroneous, must give that interpretation due consideration in reviewing the issues before the Court. *Pennsylvania Liquor Control Board v. Burrell Food Systems, Inc.,* 97 Pa.Commonwealth Ct. 101, 508 A.2d 1308 (1986), *appeal denied,* 513 Pa. 636, 520 A.2d 1386 (1987); *Leader Nursing*

*Centers, Inc. v. Department of Public Welfare,* 82 Pa.Commonwealth Ct. 53, 475 A.2d 859 (1984). In Basic Education Circular 18–91, the Department of Education indicated that where possible, a school district is required to employ persons for assignment to vacant or substitute positions who hold a certificate endorsed for the specific subject to be taught and that furloughed employees who lack specific certification may not be given preference over an applicant who holds specific certification for the assignment. Moreover, neither bargaining agreements nor arbitrator interpretations can set aside provisions of the School Code or regulations of the State Board of Education. The Department's interpretation of applicable statutory directives is consistent with legislative pronouncements governing teacher certification and is another source to be considered in resolving the issues before the Court.

■ Contrary to the Association's contentions, although Section 1125.1(d)(2) of the School Code requires a professional employee suspended for substantial decline in pupil enrollment to be reinstated on the basis of seniority, it does not compel the District to recall a suspended employee to a vacancy for which the employee is not properly certified. Section 1125.1(e) provides in part that "[n]othing contained in Section 1125.1(a) through (d) shall be construed to supersede or preempt any provisions of a collective bargaining agreement negotiated by a school entity and an exclusive representative of the employes in accordance with … the 'Public Employe Relations Act'." While Section 1125.1(e) apparently permits the parties to agree to provide rights different from those provided under Section 1125.1(a) through (d) pertaining to seniority rights in staff suspensions, school reorganization and consolidation, staff realignment, or other employment during suspension, Section 1125.1(e) by no means allows the parties to ignore teacher certification requirements contained in the School Code and regulations of the State Board of Education. *See Greater Johnstown Area Vo–Tech School v. Greater Johnstown Area Vo–Tech Education Ass'n,* 520 Pa. 197, 553 A.2d 913 (1989).

Further instruction can be derived from this Court's decision in *Allegheny Valley School Dist. v. Allegheny Valley Educational Ass'n,* 25 Pa.Commonwealth Ct. 559, 360 A.2d 762 (1976). The Court considered an arbitrator's award which required the school district to pay full regular pay to teachers while on sabbatical leave contrary to Section 1169 of the School Code, 24 P.S. § 11–1169, which provided that teachers on sabbatical leave receive one-half of their regular pay during the leave. In vacating the award, this Court stated that the relevant provision of the collective bargaining agreement was inconsistent with the School Code and was therefore unenforceable under Section 703 of the PERA. Similarly, in *Scranton Federation of Teachers v. Scranton School Dist.,* 45 Pa.Commonwealth Ct. 385, 407 A.2d 61 (1979), *appeal dismissed,* 497 Pa. 346, 440 A.2d 1190 (1982), this Court, citing *State College,* determined that because an inconsistency existed between the arbitrator's award and Section 703 of the PERA, the award was properly set aside by the trial court. Notwithstanding the 1977 amendment to the School Code which provided that no employee should receive additional compensation for an extended classroom instruction schedule due to the weather emergency of 1977, the arbitrator ignored the law and required teacher pay for those days the school district rescheduled classes due to weather emergencies.

The District correctly asserts that application of the essence test does not prohibit the court from determining whether an arbitrator's award is contrary to the law. *See Upper Merion Area School Dist.; County of Centre v. Musser,* 519 Pa. 380, 548 A.2d 1194 (1988); *Appalachia Intermediate Unit 08.* The District argues that under the essence test, the arbitrator's award must nevertheless be vacated because it does not draw its essence from the collective bargaining agreement as it is manifestly unreasonable or irrational. In *Greater Johnstown Area Vo–Tech School,* the Supreme Court affirmed this Court's order vacating an arbitration award where, upon review of the collective bargaining agreement and relevant School Code provisions regarding application of departmental versus district-wide seniority in the furlough process, it could

not be said by the court that the arbitrator's award drew its essence from the agreement and that the parties received a rational decision.

The arbitrator in the matter sub judice determined that the District had to recall furloughed teachers to positions for which they were not certified even where properly certified substitutes were available, and concluded that the collective bargaining agreement was not inconsistent with the School Code. There is no debate that the subject of the dispute is encompassed within the terms of the parties' agreement; however, the arbitrator failed to apply statutory provisions which govern teacher certification and provide clear mandates for the assignment of teachers to substitute day-to-day vacancies, and as a result his award was manifestly unreasonable. Thus it cannot be said that the arbitrator's award draws it essence from the collective bargaining agreement which incorporates the School Code or that the parties received the rational decision for which they bargained. The Court shall modify or correct the arbitrator's award if is contrary to law. *Upper Merion Area School Dist..* Because the award is in fact contrary to law, it must be vacated. *Greater Johnstown Area Vo–Tech School.* The trial court's order is accordingly reversed and the arbitrator's award is vacated.

## ORDER

AND NOW, this 23rd day of August, 1994, the order of the Court of Common Pleas of Cambria County is reversed and the award entered by the arbitrator is vacated.