**Dean W. MARSH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PRUDENTIAL INSURANCE COMPANY and Travelers Insurance Company), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 1996.

Decided March 13, 1996.

---

**34**

Dean W. Marsh, Pro Se, as Petitioner.

Michael Relich, for Respondent.

Before COLINS, President Judge, FLAHERTY, J., and RODGERS, Senior Judge.

COLINS, President Judge.

Dean Marsh (Marsh), proceeding pro se, petitions for review of the August 3, 1995 decision of the Workmen's Compensation Appeal Board (Board) affirming an award of credit to Prudential Insurance Company (Prudential) for short-term disability benefits paid to Marsh during the closed period of Marsh's disability. We affirm.

On February 6, 1990, Marsh was injured in an automobile accident while working for Prudential as a sales agent. After his automobile insurance carrier denied liability, Marsh filed a workers' compensation claim petition in May 1990. Prudential contested liability, based on its contention that Marsh was not within the scope of his employment when the accident occurred. The referee awarded Marsh total disability benefits from February 7, 1990 through April 14, 1991. The referee found that Prudential had paid Marsh sickness and accident benefits under the terms of a short-term disability plan funded entirely by Prudential and ordered that Prudential receive credit for these payments from Marsh's workers' compensation benefits. On appeal, the Board affirmed the award of benefits. On the issue of the credit, the Board found substantial evidence to support the referee's finding that the payments were made on account of Marsh's inability to work and that the payments were funded solely by Prudential. The Board remanded to the referee with directions to take additional evidence to determine whether the short-term disability payments depleted exhaustible benefits to which Marsh would be entitled if his injury were not compensable.

On remand, Prudential produced the deposition testimony of Cynthia Canfield, a Prudential supervisor in charge of disability claims. Canfield testified that based on his years of service with Prudential, under the short-term disability plan Marsh was eligible for fifty-two weeks of disability benefits payable in the event the employee is physically unable to work. At the time of his termination with Prudential in October 1990, Marsh was receiving benefits. Canfield testified that in the event that Marsh used all fifty-two weeks of benefits and was again

injured, he would again qualify for another fifty-two weeks of benefits. The referee accepted Canfield's testimony as credible and ordered that Prudential receive credit against Marsh's workers' compensation benefits. The Board affirmed.

■ Our review on appeal is limited to determining violations of constitutional rights, errors of law, and whether the referee's findings are adequately supported by substantial, competent evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Before this Court, Marsh challenges the award of credit to Prudential. Marsh contends that the disability payments do not qualify for credit because the payments were provided as an entitlement pursuant to a work agreement and because the payments were similar to wages for work performed.

Section 319 of the Workers' Compensation Act (Act)[1] provides, in pertinent part, that where an employee has received payments for disability resulting from a work-related injury and those payments were paid by the employer on the basis that the injury was not compensable under the Act, in the event of an award the employer shall be subrogated out of the award to the amount so paid, if the parties agreed to subrogation or the right to subrogation is established at the time of hearing before the referee. 77 P.S. § 671.

■ An employer who pays an employee regular stated amounts, out of its own general funds or out of sick or accident benefits, not as wages or salary for work performed, but in relief of the employee's incapacity to work, will be allowed a credit against its later determined obligation to pay workers' compensation benefits. *Creighton v. Continental Roll & Steel Foundry Company,* 155 Pa. Superior Ct. 165, 38 A.2d 337 (1944). The employer is not entitled to a credit if the injured employee is required to deplete exhaustible benefits to which he would be entitled if he suffered from a non-compensable injury. *Peoples Natural Gas Company v. Workmen's Compensation Appeal Board,* 65

Pa.Cmwlth. 119, 441 A.2d 1364 (1982). The fact that disability payments were made pursuant to a contractual agreement between the employer and employee does not establish that the amounts paid may not be credited against the employer's workers' compensation obligation. *Id.*

■ Substantial evidence of record supports the award of credit to Prudential. Prudential employee Canfield's testimony established that the payments, funded entirely by Prudential, were made in relief of Marsh's inability to work. Canfield testified that the disability payments did not deplete benefits that would otherwise be made available to Marsh, and Prudential's employee benefits documentation provides that such disability payments are available only to the extent they exceed any workers' compensation benefits paid to the employee.

■ Contrary to Marsh's understanding, the disability payments are not incidents of employment in the same sense as sick leave payments: an employee is generally entitled to sick leave regardless of whether he/she suffered a compensable injury; therefore the employer is not allowed credit for sick leave payments. *Temple v. Pennsylvania Department of Highways,* 445 Pa. 539, 285 A.2d 137 (1971). Prudential's short-term disability benefits are available only in the event of a physical disability that prevents the employee from working, and the disability benefits remain available in the event of subsequent disabilities.

Marsh attempts to distinguish the short-term disability payments and workers' compensation benefits based on their taxability. Marsh argues that because taxes were withheld from the disability payments, Prudential should not get credit against workers' compensation benefits, which are not taxed. Although Marsh may have reason to concern himself with the tax attributes of various types of compensation, the income tax treatment of the employer-provided payments is irrelevant to the issue of credit.[2]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671.

2. That the Internal Revenue Code exempts workers' compensation benefits from income, 26 U.S.C. § 104(a), while including all or part of other employer-provided benefits is largely a

Accordingly, the decision of the Board in this matter is affirmed.

### ORDER

AND NOW, this 13th day of March, 1996, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

matter of Congressional policy objectives and often has little to do with actual differences be-

tween items of income.