DONEGAL SCHOOL DISTRICT,
Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (HAGGERTY),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 2002.

Decided May 24, 2002.

John A. Mateyak, Lancaster, for petitioner.

John L. Sampson, Lancaster, for respondent.

Before PELLEGRINI, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.[1]

Donegal School District (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting the claim petition of Rose Ellen Haggerty (Claimant).

On December 11, 1998, Claimant filed a claim petition alleging that she sustained a work-related injury when she slipped and fell on a gravel area of Employer's parking lot and sustained a fractured right hip and right knee injury on November 17, 1998. Employer filed an answer denying Claimant's allegations. From the date of her injury and during the pendency of her claim petition, Claimant received sick leave benefits from Employer which replaced 100% of her salary from November 18, 1998 through January 5, 1999. Additionally, from January 22, 1999 through June 7, 1999, Claimant received income protection benefits in the amount of 60% of her salary.

Following a hearing, the WCJ granted Claimant's claim petition and awarded her benefits in the amount of $553.51 per week. The WCJ relied on Article V, Section E(7) of the collective bargaining agreement between Claimant and Employer, which provided the following:

The *net* result of any workers' compensation benefit, if approved by the carrier, will be no loss of regular compensation to the employee.

Days of absence due to injury on the job *and* while awaiting acceptance of the claim by the district's workers' compensation carrier, will be charged, if available, against the employee's accumulated sick leave. If the workers' compensation carrier accepts the claim, the number of sick leave days lost from the first day of absence due to a work related injury will be restored to the employee's accumulation of sick leave time. (Emphasis in original.)

The WCJ found nothing in the parties' collective bargaining agreement to establish that Employer was entitled to take a credit for the payments made to Claimant under her accumulated sick leave time. The WCJ also granted the payor of the income protection plan and medical benefits paid to Claimant a subrogable interest in the workers' compensation benefits awarded and awarded Claimant's attorney counsel fees based upon the total amount of the award.

Both parties filed an appeal with the Board. The Board affirmed the WCJ's decision rejecting Employer's contention that it was entitled to receive a credit for sick leave benefits paid to Claimant where those benefits were restored to Claimant. Regarding the income protection benefits, the Board reasoned that because the payor of those benefits was entitled to a subrogation interest in the workers' compensation award, Claimant would be paying twice if Employer would be entitled to a credit for those benefits. The Board also rejected Employer's contention that the WCJ erred in ordering that Claimant's counsel fees be calculated on the entire amount awarded, including the subrogable interests, because without the work performed

1. This case was reassigned to the author on April 23, 2002.

by Claimant's counsel, there would have been no subrogable interests and, therefore, the payors of the health and income protection benefits gained a pecuniary benefit as a result of Claimant's counsel's performance.[2] This appeal by Employer followed.[3]

Employer first contends that it is entitled to credit for the sick leave benefits it paid to Claimant because to find otherwise would allow Claimant to recover twice for the same injury.[4] It explains that under the WCJ's decision, Claimant would receive disability benefits, sick pay benefits and a reinstatement of those same sick pay benefits previously utilized with respect to her injury. Employer directs our attention to our decision in *Hartwell v. Workmen's Compensation Appeal Board (McLean Trucking Company)*, 96 Pa. Cmwlth. 313, 507 A.2d 902 (1986), where we held that an employer was not entitled to credit for payments that came out of and *reduced* an accrued entitlement that the employee had built up by his performance of services for the employer. Because Claimant's sick days were restored, Employer contends that it should have been given a credit for sick days it paid.

Claimant, however, argues that our holding in *Allegheny Valley School District v. Allegheny Valley Education Association*, 107 Pa.Cmwlth. 365, 528 A.2d 690 (1987), is controlling.[5] In that case, an employee of the Allegheny Valley School District sustained a work-related injury on May 8, 1984, while acting as a tennis coach for the school district. As a result of that injury, the employee was unable to work from the date of his injury until March 14, 1985. During his period of disability, the school district paid him his full salary without loss of accumulated sick leave, and the employee endorsed over to the school district the workers' compensation benefits he received. Having accumulated 245.5 days of sick leave during his tenure at the school district, the employee then sought to use that leave during his period of disability which the school district denied.

Concluding that the collective bargaining agreement governing the relationship between the school district and the employee did not preclude the use of sick leave during a period of disability, the arbitrator found that the employee was entitled to utilize his accrued sick leave. On appeal, this Court concluded that under the collective bargaining agreement, which provided that sick leave be granted pursu-

2. The Board also rejected Claimant's contention that under the terms of the collective bargaining agreement, she was entitled to her full salary of $830.27 per week rather than the $553.51 per week provided under Section 306(a) of the Workers' Compensation Act (Act), Act of June 21, 1915, P.L. 736, *as amended*, 77 P.S. § 511(1). Claimant did not appeal from the Board's order.

3. Our scope of review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *City of Philadelphia v. Workers' Compensation Appeal Board (Siravo)*, 789 A.2d 410 (Pa. Cmwlth.2001).

4. A credit is available where payments are made by an employer or its insurer for an injury and/or subsequent disability arising in the course of employment where the payments are not wages for employment. *Humphrey v. Workmen's Compensation Appeal Board (Supermarket Service)*, 100 Pa. Cmwlth.33, 514 A.2d 246 (1986).

5. Claimant argues in the alternative that this issue was not raised by Employer before the WCJ and, therefore, is waived. Because the waiver issue was not addressed by the Board and both parties have extensively argued the merits of this issue in their briefs to this Court, we will review Employer's claim that it was improperly denied a credit for the sick leave benefits paid to Claimant.

ant to the Public School Code of 1949 (School Code), the school district could not prevent a professional employee from using sick leave to which he had become entitled as an incident of his employment. The Court went on to state that such a conclusion did not result in a "windfall" for the employee who suffered a work-related injury, because sick leave was a benefit of employment already earned by the employee through his service, and, therefore, the school district was not entitled to any credit against benefit payments made to the employee during his period of disability.

However, our holding in *Allegheny Valley* is distinguishable from the facts of the present case. Unlike in *Allegheny Valley*, Claimant, in this case, did not receive her full salary in lieu of workers' compensation benefits. Instead, she received her full salary in sick leave benefits paid by the Employer from November 18, 1998 through January 5, 1999, and then pursuant to the collective bargaining agreement governing her employment relationship with Employer, once the WCJ granted her claim petition and awarded benefits in the amount of $553.51 as of November 17, 1998, all of her accumulated sick leave was restored. As such, rather than receiving her full salary in lieu of workers' compensation benefits, Claimant ultimately received her full salary from November 17, 1998 through January 5, 1999, plus workers' compensation benefits for that period and additionally retained her accumulated sick leave to be used at a later date.

Contrary to the holding in *Allegheny Valley*, to allow Claimant to retain all of her accumulated sick leave for use at some later date, in addition to the money she received from November 18, 1998 through January 5, 1999, plus the workers' com-

pensation benefits she was granted during that time, while refusing to credit Employer for the sick leave benefits already paid would result in a windfall to Claimant. In effect, any of the accumulated sick leave Claimant uses in the future will be paid for twice by Employer in contravention of the collective bargaining agreement. Because Claimant's accumulated sick leave was restored pursuant to the collective bargaining agreement when her claim petition was granted, the Board erred by refusing to give Employer a credit against the workers' compensation benefits for sick leave benefits it paid to Claimant from November 18, 1998 through January 5, 1999. *Hartwell; see also Marsh v. Workmen's Compensation Appeal Board (Prudential Insurance Company)*, 673 A.2d 33 (Pa. Cmwlth.1996) inferring that an employer is not entitled to a credit if the injured employee is required to deplete exhaustible benefits to which she would be entitled if she suffered from a non-compensable injury.

■ Without explaining why the distinction is significant, Employer argues next that the Board erred when it refused to grant a credit but instead granted it subrogation rights for the income protection benefits it paid to Claimant after her accumulated sick leave was exhausted.[6] However, as the WCJ and Board correctly determined, the income protection payments fell under Section 319 of the Act which provides the following:

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under the act in

---

**6.** Employer cites *Marsh* as holding that an employer gets a credit rather than subroga-

tion rights, but *Marsh* uses those terms interchangeably.

the event of an agreement or award for that injury the *employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties* or is established at the time of the hearing before the workers' compensation judge or the board. (Emphasis added.)

Because the Act provides for subrogation, the WCJ did not err in ordering that Employer had the right to subrogation in the workers' compensation benefits awarded to Claimant.

■ Finally, Employer contends that the WCJ erred in granting Claimant's counsel fees calculated in part upon the amount of the award subject to subrogation. It argues that because it had no subrogation agreement with Claimant, Claimant's counsel was not entitled to any recovery for benefit payments reimbursed to Employer via subrogation.

In *LTV Steel Company v. Workmen's Compensation Appeal Board (Morrow)*, 690 A.2d 1316 (Pa.Cmwlth.), *petition for allowance of appeal granted,* 548 Pa. 675, 698 A.2d 597 (1997), we set forth the criteria for determining whether counsel fees were recoverable on the subrogable amounts in question, stating:

[T]he question of whether a claimant's attorneys' fees should be deducted from the amount to be reimbursed did not turn on whether the disability carrier to be reimbursed and the employer were the same entity, but, rather, on *whether the entity to be reimbursed would receive a pecuniary benefit as a result of the claimant's successful litigation of a workers' compensation claim.*

*Id.* at 1319. Employer, however, argues that this case is unlike *Morrow* because the employer in that case pursued workers' compensation insurance from an independent carrier and is a member of a self-insurance pool. Employer points out that it fully funded the income protection benefits that were paid to Claimant and that by operation of the collective bargaining agreement, it would be reimbursed for the income protection benefits paid to her. Therefore, it claims that it did not receive any pecuniary benefit from the workers' compensation award.

As Claimant notes, the parties stipulated that separate entities were responsible for payment of workers' compensation, sick leave and income protection benefits. Claimant's workers' compensation benefits were paid by the Lancaster–Lebanon Public Schools Workers' Compensation Fund, which is composed of funds from multiple school districts in the Lancaster–Lebanon area. Consequently, Claimant's successful workers' compensation claim resulted in Employer obtaining a right of reimbursement for the income protection benefits paid to Claimant. Regardless of whether Employer would be entitled to reimbursement by operation of the collective bargaining agreement, in addition to the WCJ's award, Employer, nevertheless, gained a pecuniary benefit due to the work of Claimant's counsel. Moreover, Claimant's counsel was entitled to a fee based on whatever Claimant recovered through his efforts, no matter what the benefits were, and Claimant's counsel is entitled to have his fee calculated on the entire amount of the compensation award, including the amount subject to subrogation.

Accordingly, the decision of the Board is reversed as to the issue of credit for sick leave payments but is affirmed in all other respects.

Senior Judge JIULIANTE dissents.

### ORDER

AND NOW, this 24th day of May, 2002, the order of the Workers' Compensation

Appeal Board, dated October 30, 2001, is reversed as to the issue of credit for sick leave payments but is affirmed in all other respects.