516 A.2d 869

American Federation of State, County and Municipal Employees, AFL-CIO, District Council 83 et al., Appellants *v.* State College Area School District, Appellee.

Argued May 16, 1986, before Judges BARRY and PALLADINO, and Senior Judge ROGERS, sitting as a panel of three.

*Robert A. Sloan,* with him, *Nancy J. McCauley, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellants.

*John R. Miller, Jr., Miller, Kistler & Campbell, Inc.,* for appellee.

OPINION BY JUDGE PALLADINO, October 29, 1986:

This is an appeal by the American Federation of State, County and Municipal Employees, AFL-CIO, District Council 83 (Union) as collective bargaining agent for employees of the State College Area School District (District). The appeal is from an order of the Court of Common Pleas of Centre County (trial court) which vacated an arbitrator's award and ordered a *de novo* hearing.

At the outset, we address our jurisdiction to entertain this appeal. The Union appeals the order granting the *de novo* hearing which hearing has not yet been held. Therefore, it can be argued that this is an interlocutory appeal not appealable to this Court. However, the trial court in its order also vacated the award of the arbitrator. This action renders the trial court's order a final one and therefore appealable.

The collective bargaining agreement (agreement) between the Union and the District provided for the resolution of disputes through a grievance procedure. The final step of the grievance procedure requires unresolved disputes to be referred to binding arbitration

as provided in Section 903 of The Public Employee Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.903.

In accord with the agreement, a grievance was filed by the Union on behalf of Ralph Tutlane, a Union school bus driver who had been discharged by the District. The grievance proceeded to arbitration, and the arbitrator conducted a full hearing on May 16, 1985. An award was issued wherein the arbitrator held that there was just cause for severe discipline but not for discharge. He reinstated Tutlane with credit for service, but without back pay. The District appealed to the trial court requesting the award be vacated and a *de novo* hearing granted.

The Union appeals the order of the trial court vacating the award and ordering a *de novo* hearing. The Union asserts that the trial court erred when it determined that a) the parties contracted for a scope of review of an arbitration award which superceded the scope of review allowable under the "essence test", and b) the trial court was then free to hold a *de novo* hearing. Citing *Haddon Craftsmen, Inc. v. Bookbinders Local No. 97*, 220 Pa. Superior Ct. 206, 281 A.2d 713 (1971),[1] the trial court reached its conclusion by relying on the proposition that the essence test is the applicable standard of review unless the authority of the arbitrator is limited by an agreement of submission. The court then considered Article XIV of the agreement which states in pertinent part:

---

[1] *Haddon* is distinguishable from the instant case. First, the Superior Court was interpreting law applicable to common law arbitration. Here, we are dealing with statutorily mandated arbitration and standard of review. Second, the Court was addressing the jurisdiction of the arbitrator, not the court when it held that "[u]nless the authority of the arbitrator is limited by the agreement of submission, he is the final judge of both law and fact." 220 Pa. Superior Ct. 206, 209, 281 A.2d 713, 715 (1971).

No employee shall be discharged, reduced in rank or compensation, except for incompetency, intemperance, neglect of duty, violation of the School Laws of Pennsylvania, or reasonable regulations of the employer or other just cause . . . and any such action asserted by the employer shall be subject to the grievance procedure herein set forth *provided that either party shall have the right of appeal to court from the final decision under the grievance procedure.* . . . (Emphasis added.)

The court reasoned that this provision of the agreement indicated an intent of the parties to give the court, on appeal, authority to hear the case on the merits at a *de novo* hearing. We do not agree with this reasoning.

In reviewing an arbitration award, the trial court, in this posture, sits as an appellate court. Its scope of review is limited to a review of the record presented to it, and the trial court does not have the authority to hold a *de novo* hearing.

The parties to the agreement have incorporated and are subject to the mandatory binding arbitration provisions of PERA.[2] Specifically, Step V of the agreement's grievance procedure provides in pertinent part: "If the action in Step IV above fails to resolve the grievance to the satisfaction of the affected parties, the grievance shall be referred to binding arbitration as provided in Section 903 of Act 195."[3]

---

[2] Section 903 of PERA provides in pertinent part:
Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree.

[3] PERA is commonly referred to as "Act 195".

The standard of review of an arbitration proceeding under PERA is the standard outlined in Section 501(a) of The Uniform Arbitration Act, 42 Pa. C. S. §7302(d).[4] *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977). In *Community College of Beaver County,* The Pennsylvania Supreme Court stated a court's standard of review as follows:

> To state the matter more precisely, where a task of an arbitrator, PERA or otherwise, has been to determine the intention of the contracting parties as evidenced by their collective bargaining agreement and the circumstances surrounding

---

[4] §7302. Scope of subchapter

(c) Government contracts.—This subchapter shall apply to any written contract to which a government unit of this Commonwealth is a party to the same extent as if the government unit were a private person, except that where a contract to which the Commonwealth government is a party provides for arbitration of controversies but does not provide for arbitration pursuant to any specified statutory provision, the arbitration shall be governed by this subchapter.

(d) Special application.—

(1) Paragraph (2) shall be applicable where:

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.

(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

its execution, then the arbitrator's award is based on a resolution of a question of fact and is to be respected by the judiciary if 'the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention . . .'

*Id.*, 473 Pa. 576, 593-94, 375 A.2d 1267, 1275 (1977). (Citation omitted.)

In light of the Supreme Court's pronouncement in *Community College of Beaver County*, the interpretation by the trial court of Article XIV of the agreement which broadens the scope of review of the court, would be inconsistent with the standard of review of arbitration awards outlined in The Uniform Arbitration Act. Under the facts of this case, where the parties have contracted for the statutory grievance procedure and the statutory standard of review, such inconsistencies are prohibited under PERA. Section 703 of PERA provides in pertinent part: "parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute."

Accordingly, we hold that the trial court erred when it held the essence test inapplicable and broadened the scope of review of an arbitration award by ordering a *de novo* hearing. We reverse and remand to the trial court to determine whether the *award* of the arbitrator drew its essence from the collective bargaining agreement.

## ORDER

AND NOW, October 29, 1986, the order of the Court of Common Pleas of Centre County, dated September 6, 1985, No. 1985-1353, is reversed and remanded for disposition consistent with the foregoing opinion.

Jurisdiction relinquished.