585 A.2d 544

McKEESPORT AREA SCHOOL DISTRICT, Appellant,

v.

McKEESPORT SCHOOL SERVICE PERSONNEL ASSOCIATION, PSSPA/PSEA, Appellee.

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided Aug. 17, 1990.

Publication Ordered Jan. 10, 1991.

Karen L. Myers, with her, Robert P. Costello, Sol., North Versailles, for appellant.

Todd C. Park, with him, Robert J. Abraham, New Brighton, for appellee.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

McKeesport Area School District (District) has appealed from an order of the Court of Common Pleas of Allegheny County (trial court), dated September 18, 1989, refusing to vacate the arbitrator's award which modified the discharge of David Stull (Grievant) to a fourteen-day suspension. We affirm.

Grievant, who is mentally handicapped, had been a groundskeeper for the District since 1974. On March 18, 1988, the District suspended Grievant and, on October 27,

1988, discharged him for neglecting his duties, leaving his place of employment without permission and failing to keep proper time cards. The sole issue is whether the District had just cause to discharge Grievant for these reasons.

The relevant facts are as follows. In March of 1988, the McKeesport Police Department advised the District that Grievant was being investigated in connection with three fires which had been set on property near Cornell Middle School, the school where Grievant worked. Subsequently, the District concluded that Grievant had been present, during working hours, at all three fires. Grievant's time cards, however, indicated that he had been on duty throughout his eight hour work shift, on the dates of all three fires. The District therefore discharged Grievant.

At the time of his discharge, Grievant was a member of a collective bargaining unit comprised of all of the District's nonprofessional employees. McKeesport School Service Personnel Association, PSSPA/PSEA (Association) is the unit's exclusive representative for the purposes of collective bargaining. The collective bargaining agreement between the District and the Association expired on June 30, 1988 but was in effect at all times relevant to the present controversy.

Article XIV of the collective bargaining agreement contains the following just cause provision:

A. During the term of this Agreement, no employee shall be disciplined, reprimanded or reduced in rank or compensation without just cause. Disciplinary measures shall include the following: First a letter indicating unsatisfactory performance; second a letter indicating continued unsatisfactory performance and a possible suspension; and third, a letter indicating continued unsatisfactory performance and normally, dismissal. Each of the aforementioned letters shall be sent to the employee and the Association.

. . . .

C. Serious cases of employee poor performance, lack of performance, unsatisfactory performance or unsatisfac-

tory conduct will normally result in immediate dismissal.

In addition, Article XV of the agreement contains a grievance provision which requires binding arbitration.

Following Grievant's discharge, the Association filed a timely grievance which the District denied. The parties then selected a neutral arbitrator in accordance with the collective bargaining agreement. Thereafter, on May 11, 1989, Arbitrator Howard Grossinger conducted a hearing. The parties stipulated that the only question was whether the District had just cause to discharge Grievant. Grievant's possible involvement in arson was not at issue.

The first incident occurred on January 25, 1988 when three small trash fires were set in a house on property adjacent to Cornell Middle School. The arbitrator accepted the District's evidence which established that, on January 25, 1988, Grievant left school property during working hours, for a maximum of fifteen minutes, in order to direct two firefighters to the site of the trash fires and to watch them extinguish those fires. The arbitrator did not believe Grievant's denials that he engaged in such conduct. Nonetheless, the arbitrator concluded that Grievant's conduct was appropriate and justified and that it provided no just cause for discipline other than, perhaps, an informal warning.

The second fire occurred on February 17, 1988 in a garage adjoining school property. On that date, a pumper truck belonging to the McKeesport Fire Department got stuck in the mud on the school football field. Witnesses testified that Grievant was present throughout the entire two hours that the pumper was stuck but that he remained on school property. Grievant testified that his supervisor was also present throughout the entire incident. This testimony was not refuted. The arbitrator concluded that the events of February 17, 1988 did not give rise to just cause for any disciplinary action against Grievant because, if it was wrong for Grievant to be on the football field, the

supervisor who was present should have either directed Grievant to leave or disciplined him promptly thereafter.

The third and largest fire occurred on March 8, 1988 and caused extensive damage to all three properties adjoining Cornell Middle School. A fireman testified that he observed Grievant in the backyard area of one of the properties throughout the one and a half to two hour period that the firefighters fought the blaze. The arbitrator determined that, on March 8, 1988, Grievant did in fact leave District property without permission and without punching his time card, for approximately one and a half to two hours, in order to watch the firefighters. Accordingly, the arbitrator found that the District had just cause to discipline Grievant for his conduct on that day.

 Our scope of review is limited to determining whether the arbitrator's decision derives its essence from the collective bargaining agreement. *American Federation of State, County and Municipal Employees v. City of Reading,* 130 Pa.Commonwealth Ct. 575, 568 A.2d 1352 (1990). We cannot substitute our judgment for that of the arbitrator. *Id.* Indeed, "an arbitration award must be upheld if it can in any rational way be derived from the collective bargaining agreement in light of the language, context and other indicia of the parties' intention." *Pennsylvania State Education Association v. Appalachia Intermediate Unit 08,* 505 Pa. 1, 5, 476 A.2d 360, 362 (1984).

 Our review of the record reveals that Arbitrator Grossinger's award draws its essence from the collective bargaining agreement. Because the agreement itself fails to define just cause, it is within the arbitrator's province to interpret the just cause provision. *See AFSCME,* 130 Pa. Commonwealth Ct. at 583–85, 568 A.2d at 1356–57. The arbitrator found that only the incident of March 8, 1988 provided just cause for discipline. However, the arbitrator did not find Grievant's conduct on that occasion to be serious enough to warrant dismissal pursuant to Paragraph C of Article XIV. The arbitrator considered the degree of

discipline imposed on other employees for similar offenses as well as Grievant's excellent work history.[1] Moreover, because the District discharged Grievant on the basis of three violations and the arbitrator determined that only one of these violations provided just cause for discipline, the arbitrator appropriately modified the discharge to a suspension. Since the arbitrator's decision meets the essence test and since the parties bargained for the arbitrator's judgment, we must uphold his award.[2]

Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, this 17th day of August, 1990, we hereby affirm the order of the Court of Common Pleas of Allegheny County, dated September 18, 1989, refusing to vacate the arbitration award entered in the above-captioned case.

## ORDER

AND NOW, this 10th day of January, 1991, it is ORDERED that the above captioned opinion filed August 17,

1. The arbitrator found guidance from an analogous situation where an employee discovered drinking in a tavern during working hours received a three day suspension. In addition, the testimony establishes that District employees routinely leave school property without punching out in order to pick up lunches. More importantly, as the arbitrator notes, the testimony indicates that no discipline was imposed on several cafeteria employees who left school property to observe one of the fires.

2. We note that this case is distinguishable from two other recent Pennsylvania cases. In *County of Centre v. Musser*, 519 Pa. 380, 548 A.2d 1194 (1988), specific language in the collective bargaining agreement limited the arbitrator's authority to determining whether there was just cause for discharge. There is no allegation that such language, which precluded the arbitrator from modifying the penalty, appears in the collective bargaining agreement between the District and the Association. Further, this language is absent from the portions of the collective bargaining agreement which form a part of the record on appeal. Likewise, *Manheim Central Education Association v. Manheim Central School District*, 132 Pa.Commonwealth Ct. 94, 572 A.2d 31 (1990), *appeal filed*, No. 123 M.D. Allocatur Docket 1990, is inapposite since it involved a finding of immorality under Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1122.

34

1990 shall be designated OPINION rather than MEMORANDUM OPINION, and it shall be reported.