649 A.2d 470

**UPPER ST. CLAIR SCHOOL DISTRICT, Appellant,**

v.

**UPPER ST. CLAIR EDUCATIONAL SUPPORT PERSONNEL ASSOCIATION, ESPA, PSEA, NEA.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1994.

Decided July 13, 1994.

Publication Ordered Oct. 26, 1994.

2

David J. Mallister, for appellant.

Robert J. Abraham, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

The Upper St. Clair School District (District) appeals from an order of the Court of Common Pleas of Allegheny County

(trial court) denying the District's petition to vacate an arbitrator's award. We affirm.

On October 8, 1992, the District directed Roy Dalzell, an employee bus driver, to transport seventh and eighth grade students to a theater in Pittsburgh. A supervisory teacher's aide accompanied the students as a chaperon. On the return trip, Dalzell began to change lanes just as a motorist attempted to pass the school bus. Moments later, when Dalzell stopped at a traffic signal, the motorist pulled adjacent to the right side of the bus. With his car's horn blaring, the motorist shouted obscenities and threatening remarks at Dalzell. Upon hearing those remarks and fearing that the motorist might attempt to board the school bus, Dalzell alighted from the bus to speak to the motorist.[1] When Dalzell stepped off of the school bus, the motorist swung at and struck Dalzell from inside the car. Dalzell threw a responsive blow, striking the side of the motorist's van as it accelerated through the intersection. The entire episode lasted fifteen seconds and Dalzell was never more than six feet from the school bus.

Following an investigation, the District determined that Dalzell intentionally abandoned the students to engage in a heated physical confrontation with the motorist and terminated Dalzell's employment. The Upper St. Clair Support Personnel Association (Association) grieved the District's action and the matter proceeded to arbitration. The arbitrator sustained the grievance, in part, finding that Dalzell did not commit the conduct alleged by the District and reducing the District's penalty of discharge to a ninety day suspension. The arbitrator considered Dalzell's behavior as mere negligence, noting that the District had never discharged a bus driver for committing anything less than reckless, egregious or intentional misconduct.

Following an unsuccessful vacation petition to the trial court, the District appeals to this court and asks us to determine (1) whether the trial court used the incorrect

---

1. The aide remained on the school bus with the students. Furthermore, prior to leaving the bus, Dalzell turned off the motor and set the emergency brake.

standard of review, and (2) whether the arbitrator's award exceeded the proper scope of authority prescribed in the District and Association's collective bargaining agreement.

## I.

The District argues that the trial court should have applied the "core responsibility" review standard as set forth in *Pennsylvania Liquor Control Bd. v. Independent State Stores Union*, 520 Pa. 266, 553 A.2d 948 (1989). The District asserts that once it is established that the conduct leading to the discharge is found to relate to an area of "absolute responsibility" of the District, then the "core responsibility" standard must be applied in order to protect the District's core functions. The District maintains that this standard applies here because Dalzell breached a duty of care toward the students. We disagree.

A trial court sits as an appellate court in reviewing an arbitrator's award concerning the dismissal of a bus driver under a collective bargaining agreement. *American Federation of State County and Municipal Employees, District Council 83 v. State College Area School District*, 101 Pa.Commonwealth Ct. 596, 516 A.2d 869 (1986), *appeal denied*, 516 Pa. 614, 531 A.2d 781 (1987). The District and Association here have incorporated the mandatory binding arbitration provisions of Section 903 of The Public Employee Relations Act (commonly called "Act 195"), Act of July 23, 1970, P.L. 563, 43 P.S. § 1101.903, into their collective bargaining agreement.[2] Specifically, Level Four of the agreement's grievance procedures provides in pertinent part: "If the aggrieved is not satisfied with the disposition of his grievance at Level Three, . . . he may . . . request in writing binding arbitration under Act 195 . . . ." (Agreement at Art. VII(7)(a).) In *State College*

---

2. Section 903 of Act 195 provides in pertinent part:

   Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree.

*Area School District,* we determined that the standard of review of an arbitration proceeding under Act 195 is the standard outlined in Section 501(a) of The Uniform Arbitration Act, 42 Pa.C.S. § 7302(d), *i.e.,* the essence test.[3] The trial court properly utilized that standard here.

## II.

Next, the District contends that the arbitrator imposed his own sense of social justice in determining that Dalzell's conduct did not amount to just cause for dismissal. The District cites *North Star School District v. North Star Educ. Ass'n,* 155 Pa.Commonwealth Ct. 368, 625 A.2d 159 (1993) and *Manheim Central Educ. Ass'n v. Manheim Cent. School District,* 132 Pa.Commonwealth Ct. 94, 572 A.2d 31 (1990), *appeal denied,* 525 Pa. 661, 582 A.2d 326 (1990), to support its claim that the arbitrator erred in imposing a ninety day suspension instead of affirming the District's dismissal. However, the District's reliance on both *North Star School District* and *Manheim Central Educ. Ass'n* is misplaced.

In *North Star School District,* the North Star School Board suspended three professional employees because of a decrease in pupil enrollment and curtailment of education programs pursuant to Sections 1124(1) and (2) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 11–1124(1) and (2). Prior to suspending the employ-

3. Section 501(a) of The Uniform Arbitration Act provides:
  (d) Special application.—
  (1) Paragraph (2) shall be applicable where:
  (i) The Commonwealth government submits a controversy to arbitration.
  (ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.
  (iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.
  (2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.
  42 Pa.C.S. § 7302(d).

ees, the school board had calculated the school district's decline in enrollment over a five year period and based on those calculations, received approval from the Department of Education to curtail certain school programs. Pursuant to a collective bargaining agreement, the suspended employees grieved their dismissal and a hearing was held in front of an arbitrator. The arbitrator analyzed the *basis* of the school district's enrollment decline over a three year period (instead of the five year period used by the school district) and concluded that the school district had violated Sections 1124(1) and (2) of the Code when suspending the employees.

We held that the arbitrator exceeded his authority where the parties bargaining agreement limited the arbitrator's role to determining the propriety of the *manner* in which the school district conducted those suspensions. We reasoned that although the arbitrator was free to examine the suspensions in accordance with the seniority provisions of Section 1125.1 of the Code, neither the legislature nor the parties in their agreement empowered him to recalculate the school board's figures and then place himself in the Department of Education's position to reconsider the school board's request. Thus, we concluded that the arbitrator improperly reached outside of the four corners of the agreement and into the domain of the school board and the Department of Education to render what he felt was a more justiciable result.

Unlike the arbitrator in *North Star School District*, the arbitrator here did not intrude into any legislatively provided domain of the District nor did he usurp the District's role by replacing its judgment with his own. The arbitrator here had the authority to determine if Dalzell committed the conduct with which he was charged. (Agreement at Arts. VII(C)(7)(a) and X(A)(1).) Once the arbitrator found that Dalzell committed mere negligence as opposed to the willful misconduct alleged by the Board, then it was appropriate for the arbitrator to re-fashion the remedy.

In *Manheim Central Educ. Ass'n*, we held that if an arbitrator finds just cause for a school district's charge against

an employee, the arbitrator cannot alter the District's penalty. Here, however, the arbitrator did not find just cause for the District's charge of willful misconduct.[4] When an arbitrator finds that just cause for dismissal does not exist and the collective bargaining agreement does not prohibit the arbitrator's modification of a district's penalty, then the arbitrator may modify the discipline accordingly. *See McKeesport Area School District*. Therefore, when the arbitrator considered discipline imposed on other bus drivers for similar offenses and modified the District's discipline to a ninety day suspension, the arbitrator acted properly and did not exceed his scope of authority under the agreement.

Therefore, we affirm the trial court's order.

## ORDER

AND NOW, this 13th day of July, 1994, the order of the Court of Common Pleas of Allegheny County, dated September 15, 1993, Case No. G.D. 93-7241, is hereby affirmed.

---

4. Here, the collective bargaining agreement states that the Upper St. Clair School Board "shall have the right to discipline or discharge for *just cause.*" (Agreement at Art. X(A)(1)) (emphasis added). The agreement, however, does not define just cause. Therefore, the arbitrator possesses the power to interpret that just cause provision. *McKeesport Area School District v. McKeesport School Service Personnel Ass'n*, 137 Pa.Commonwealth Ct. 28, 585 A.2d 544 (1991). The arbitrator found that the incident did not occur in the manner in which the District contends and that Dalzell's conduct was not serious enough to warrant dismissal. Instead, the arbitrator found that Dalzell committed a driver's error equivalent to negligence for which the District has never discharged a bus driver. (Arbitrator's Op. at 15–17.)